UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARY ALAN LESSOR,

    Plaintiff,

v.                                        Case No. 5:25-cv-116-MW-MJF

MANAGEMENT AND TRAINING
CORPORATION, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Gary Lessor has filed a complaint under 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. The undersigned recommends that the District Court deny Plaintiff's motion for leave to proceed *in forma pauperis*, and dismiss this case under 28 U.S.C. § 1915(g).

### I. Plaintiff's Complaint

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") housed at the Zephyrhills Correctional Institution. Doc. 1. Plaintiff is suing Management and Training Corp—the company that manages the Bay Correctional Facility—as well as nine corrections and

medical officials at Bay CF. Plaintiff alleges that during his incarceration at Bay CF in 2024, the Defendants used excessive force on Plaintiff, deprived Plaintiff of medication, and placed Plaintiff in confinement without justification. *Id.* at 6.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* in a civil action if the prisoner previously filed three or more actions or appeals, while incarcerated, that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2022). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time the prisoner initiates the prisoner's lawsuit, and failure to do so warrants dismissal of the case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time the inmate initiates suit); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges that the

prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson,* 387 F.3d 1344 (11th Cir. 2004).

**A.** **Plaintiff Has Accrued at Least Four "Strikes"**

Plaintiff has accrued at least four strikes. Plaintiff's qualifying strikes include:

- *Lessor v. Dean*, No. 5:09-cv-463-Oc-29GRJ, 2010 WL 668268 (M.D. Fla. Feb. 19, 2010) (civil rights action dismissed for failure to state a claim).

- *Lessor v. King*, No. 5:09-cv-507-Oc-23GRJ (M.D. Fla. Mar. 19, 2010) (civil rights action dismissed for failure to state a claim).

- *Lessor v. Stanciel*, No. 5:09-cv-526-Oc-17GRJ (M.D. Fla. Jan. 26, 2010) (civil rights action dismissed for failure to state a claim).

- *Lessor v. Mgmnt. & Training Corp.*, No. 5:25-cv-19-TKW-MJF, 2025 WL 1208028 (N.D. Fla. Apr. 25, 2025) (civil rights action dismissed as malicious for Plaintiff's abuse of the judicial process).

Plaintiff's present complaint acknowledges these four cases. Doc. 1 at 10-11. Also, each case bears Plaintiff's FDC inmate number, "U13017." Plaintiff filed the three Middle District cases while detained in the Marion County Jail. Plaintiff filed the Northern District case while incarcerated in the FDC. All four of Plaintiff's strikes were entered before he filed this lawsuit on May 13, 2025. Doc. 1.

Because Plaintiff has accrued at least four strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

B.     **Plaintiff Fails to Satisfy the Imminent-Danger Exception**

To satisfy the "imminent danger" exception, "the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). An allegation of past danger will not invoke the exception. *Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)].").

Plaintiff's allegations—that the Defendants used excessive force, stopped Plaintiff's medications, and unjustly placed Plaintiff in confinement months ago at a prison where Plaintiff no longer is confined—do not establish that Plaintiff is in imminent danger of serious physical injury.

Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, the District Court must dismiss this case without prejudice under 28 U.S.C. § 1915(g). *See Dupree,* 284 F.3d at 1236.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 2.

2. **DISMISS** this civil action without prejudice under 28 U.S.C. § 1915(g).

3. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 20th day of May, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C.**

**§ 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**